IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )        Cr. No.  15-02854 MV
                                     )
      vs.                            )
                                     )
JUAN PENA,                           )
                                     )
            Defendant.               )

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its undersigned counsel, hereby files this

sentencing memorandum respectfully requesting the Court sentence the Defendant to a term of

imprisonment within the Defendant's guideline imprisonment range.  In support, it states as

follows:

I.      PROCEDURAL HISTORY

On August 12, 2015, a federal grand jury in the District of New Mexico, returned a one-

count indictment charging the Defendant with Abusive Sexual Contact, in violation of 18 U.S.C.

§§ 1153, 2244(a)(3) and 2246(3).  On February 5, 2016, the Defendant entered a guilty plea to

the indictment, without the benefit of a plea agreement.  The Presentence Report (PSR) was

disclosed on April 13, 2016.

The PSR accurately reflects the Defendant's guideline imprisonment range.  The PSR

calculated the Defendant's base offense level at 12.  PSR ¶ 21.  The Defendant received a two-

level enhancement pursuant to USSG § 3A1.1(b)(1) due to the victim's vulnerability because she

was asleep when the Defendant touched her breast.  PSR ¶ 23.  The Defendant received a five-

level increase pursuant to USSG § 4B1.5(b)(1) because the Defendant engaged in a pattern of

activity involving prohibited sexual contact.  PSR ¶ 27.  The Defendant received a three level

reduction for acceptance of responsibility.  PSR ¶¶ 28 and 29.  The total offense level is 16.  PSR

¶ 30.  The Defendant's criminal history category is I.  PSR ¶ 38.  A total offense level of 16 and

a criminal history category of I result in a guideline imprisonment range of 21 months to 27

months, however, the maximum statutory sentence for this offense is 24 months of

imprisonment.  PSR ¶ 66.

## II.    ARGUMENT

The United States respectfully requests this court sentence the Defendant to a term of

imprisonment within the Defendant's advisory guideline range.  The United States Sentencing

Guidelines are advisory.  *See United States v. Booker*, 543 U.S. 220, 234 (2005).  Moreover,

under the Supreme Court ruling in *United States v. Rita*, 551 U.S. 338 (2007), for appellate

purposes, a reviewing court may accord a properly calculated sentence to have a presumption of

reasonableness, *e.g., Id.* at 347.  A district court, on the other hand, cannot presume

reasonableness, but in determining a sentence, it must conduct an analysis using both the

Guidelines and the sentencing statutes.  Both the sentencing judge and the (Sentencing)

Commission "are carrying out the same basic § 3553(a) objectives, the one, at retail, and the

other at wholesale."  *Id.* at 345.  The Guidelines can be assumed to be a "rough approximation"

of a sentence that would "achieve § 3553(a)'s objectives."  *Id.* at 347-349.  Hence, the district

court should impose sentences within the calculated guideline range when a departure is not

appropriate because Guidelines sentences prevent unwarranted sentencing disparities under 18

U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the

Guidelines are sound and reasoned.

The factors listed in 18 U.S.C. § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(1) and (2)(A)-(D).

### 1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The Defendant pleaded guilty to an offense in which the victim is a minor. In addition, the Defendant's history and characteristics show that he has engaged in a pattern of inappropriate sexual behavior similar to the instant offense.[1] For instance, the Defendant would touch the breasts of female family members and coworkers. The Defendant admitted that with each woman he calculated his actions and then acted as if the sexual contact of these women's breasts was unintentional. PSR ¶¶ 31 -33.

For instance, the Defendant admitted touching P.P.'s breasts while she was sleeping on the couch.[2] PSR ¶ 31. According to investigative reports, Federal Bureau of Investigation (FBI) agents interviewed P.P. on or about May 27, 2015. During this interview, P.P. indicated that less than two years ago, the Defendant touched her breasts while she was sleeping. However, P.P. indicated that she let the incident go.

The Defendant also admitted that on one occasion he brushed his hands past E.P.'s breasts while fastening E.P.'s seatbelt in his car. PSR ¶ 31. E.P. is Defendant's niece. According to the FBI reports, FBI agents interviewed E.P. on or about May 28, 2016. E.P. indicated that this incident occurred two years ago, around the same time as P.P.'s incident with

---

[1] It is noted that investigative reports show that the Defendant's pattern of inappropriate sexual behavior did not involve other minors.
[2] P.P. is Defendant's niece.

the Defendant.  E.P. said that after the incidents both nieces, P.P. and E.P., would avoid the Defendant.

The Defendant also admitted that he intentionally touched several coworkers' breasts. PSR ¶ 32.  Investigative reports show that A.K., Defendant's former coworker, disclosed that the Defendant touched her breasts on two separate occasions at their workplace.  A.K. indicated that, initially, she thought the first incident was an accident; but three or four months later, the Defendant again touched the side of her breast.  The incident was reported to the Defendant's employer.  The Defendant was terminated from his job in July 2014 due to personnel policy violation.  PSR ¶ 60.  The Defendant admitted he touched A.K.'s breasts on two occasions and he also confessed that he intentionally touched the breasts of several female coworkers.  PSR ¶ 32.  The Defendant's pattern of inappropriate sexual behavior shows intent and lack of mistake. Moreover, it shows that his conduct in the instant case was not an aberrant incident.

The Defendant's prior conduct shows that when he touched Jane Doe's breast, his actions were intentional and he took advantage of Jane Doe because she was asleep.  On May 25, 2015, the Defendant went into the victim's bedroom while she was asleep and "began massaging and squeezing her breast over her t-shirt."  PSR ¶ 14.  Jane Doe woke up and the Defendant "left the room in a hurry."  *Id.*  Jane Doe reported the incident to an adult.[3]  When FBI agents interviewed the Defendant, he admitted that he knew [that touching the breasts of a minor] was illegal."  *Id.* The nature and circumstances of the offense and the history and characteristics of the Defendant warrant a sentence within the Defendant's guideline imprisonment range.

---

[3] When the incident happened, Jane Doe and the Defendant were residing in the same house with other family members.

4

**2.  The Need for the Sentence Imposed to Promote Respect for the Law Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

The United States Sentencing Guidelines take into consideration the circumstances of the offense and the Defendant's criminal history when formulating the appropriate sentencing guideline range.  In the instant case, a sentence within the Defendant's guideline range is appropriate.  This sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  A sentence within the guideline range would afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  Moreover, a sentence within the guideline range would provide the Defendant with medical care and correctional treatment in the most effective manner.

**3.  The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes**

A sentence within the guideline range is the best approach to prevent unwarranted sentencing disparities between similarly situated defendants.  The sentencing guidelines have set a range of 21 months to 24 months of imprisonment for a Defendant who has committed the offense at issue here and has a Criminal History Category of I.  Therefore, there would be no unwarranted sentence disparity.  A sentence within the advisory guideline range is "sufficient, but no greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a)(1)-(7).

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court sentence the Defendant to a term of imprisonment within the advisory guideline imprisonment range of 21 months to 24 months.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed May 4, 2016*
RAQUEL RUIZ-VELEZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will send notification
to opposing counsel of record, on this date.
*/s/*_____
Raquel Ruiz-Velez
Assistant U.S. Attorney